USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/25/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
TAYE LAMONTE ELLEBY,

            Plaintiff,

-against-

THE CITY OF NEW YORK, THE UNITED
STATES, LOUIE ARTHUR PA, DIONNE
JAMES, PCA, IRA GORNISH, PA, FERDOUSI
BEGUM, MD

            Defendants.

18 Civ. 1577 (AT) (SDA)

**ORDER**

ANALISA TORRES, District Judge:

    Plaintiff *pro se*, Taye Lamonte Elleby, brings this § 1983 action against Defendants, alleging inadequate medical care while incarcerated at the Manhattan Detention Complex and on Rikers Island. Compl., ECF No. 45. On February 4, 2019, the Honorable Stewart D. Aaron issued a report and recommendation (the "R&R") recommending that the action be dismissed as time-barred. ECF No. 48. For the reasons stated below, the Court ADOPTS the R&R and the action is DISMISSED as time-barred.

## BACKGROUND

    On November 6, 2017, Plaintiff filed a § 1983 action in the United States District Court for the Northern District of New York, Case No. 17 Civ. 1216, alleging that staff of the Shawangunk and Elmira Correctional Facilities were deliberately indifferent to his medical needs in violation of the Eighth Amendment by failing to provide him medication for herpes. ECF No. 1. On December 8, 2017, Plaintiff sought leave to file an amended complaint, which added claims concerning events that occurred while he was incarcerated on Rikers Island—that he made numerous requests to see a doctor due to skin outbreaks on his genitals and requested a test for herpes, but that the doctors did not give him the test and gave him a "hydrocortizone cream or something of the like" instead, reasoning that the outbreaks were caused by the facility's water supply. ECF No. 3-1 at 2. On February 13, 2018, Chief Judge Glenn T. Suddaby of the Northern District of New York severed Plaintiff's claims concerning conduct at Rikers Island and transferred them to this district. ECF No. 10 at 4–8; *see also* ECF No. 12.[1]

    After obtaining information concerning the identities of Doe defendants at Rikers Island, Plaintiff filed an amended complaint on December 20, 2018. *See* Compl. Plaintiff alleges that he was denied adequate medical care by several health care professionals at Rikers Island and in the Manhattan Detention Complex because they failed to test him for genital herpes or provide

---

[1] Judge Suddaby also transferred Plaintiff's claims concerning Elmira Correctional Facility to the United States District Court for the Western District of New York, and retained jurisdiction over the claims concerning Shawangunk Correctional Facility, ECF No. 10 at 8. Plaintiff's claims in the Northern District of New York were dismissed on August 7, 2018, for failure to state a claim. *See Elleby v. Doe(s) et al.*, ECF No. 22, Case No. 17 Civ. 1216 (N.D.N.Y. Aug. 7, 2018).

him with medication for genital herpes at each of his medical appointments from May 11, 2013 to February 4, 2014. *Id.* at 2–3. Plaintiff states that he was transferred to Coxsackie Correctional Facility in "[t]he middle of 2014." ECF No. 40 at 3.[2] In 2016, Plaintiff was diagnosed with genital herpes while incarcerated at Coxsackie Correctional Facility. Compl. at 4.

On April 30, 2018, the Court referred this case to Judge Aaron for general pretrial purposes. ECF No. 17. On January 7, 2019, Judge Aaron issued an order to show cause why the case should not be dismissed as barred by the statute of limitations. ECF No. 46. On January 22, 2019, Plaintiff filed his response. Pl. Resp., ECF No. 47. On February 4, 2019, Judge Aaron issued the R&R, recommending that the action be dismissed as time-barred. *See* R&R. Specifically, Judge Aaron concluded that Plaintiff's claim began accruing when he was denied the tests he requested for genital herpes (and not when he was eventually diagnosed with genital herpes in 2016); and that Plaintiff's claim was not subject to equitable tolling or the continuing violation doctrine. *Id.* at 7–9.

On February 21, 2019, having received no objection, the Court reviewed the R&R for clear error, adopted it, and dismissed the action. ECF No. 49. In a letter dated February 28, 2019, Plaintiff represented that he had not received a copy of the R&R. ECF No. 50. Accordingly, on March 6, 2019, the Court vacated its order adopting the R&R and reopened the case. ECF No. 51. In a letter dated March 14, 2019, Plaintiff submitted objections to the R&R. Pl. Objs., ECF No. 52.

**DISCUSSION**

I.  Standard of Review

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party makes specific objections, the court reviews *de novo* those portions of the report and recommendation to which objection is made. *Id.*; Fed. R. Civ. P. 72(b)(3). However, "when a party makes only conclusory or general objections, or simply reiterates his original arguments," the court reviews the report and recommendation strictly for clear error. *Wallace v. Superintendent of Clinton Corr. Facility*, No. 13 Civ. 3989, 2014 WL 2854631, at *1 (S.D.N.Y. June 20, 2014). The court may adopt those portions of the report and recommendation to which no objection is made "as long as no clear error is apparent from the face of the record." *Oquendo v. Colvin*, No. 12 Civ. 4527, 2014 WL 4160222, at *2 (S.D.N.Y. Aug. 19, 2014) (internal quotation marks and citation omitted). "[S]ubmissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citation omitted). "[W]hen screening the sufficiency of a complaint brought by a plaintiff . . . as a prisoner against a government entity . . . , a court may dismiss *sua sponte* where it is clear from the face of the complaint that the action is untimely." *De Santis v. City of New York*, No. 10 Civ.

---

[2] The New York State Department of Corrections and Community Supervision website shows that Plaintiff entered state custody on April 7, 2014. *See* Inmate Population Information Search, Department of Corrections & Community Supervision, http://nysdoccslookup.doccs.ny.gov/ (last visited April 30, 2019).

3508, 2013 WL 3388455, at *4 (S.D.N.Y. July 8, 2013), *report and recommendation adopted*, 2014 WL 228659 at *5–6 (S.D.N.Y. Jan. 22, 2014).

II.    Plaintiff's Objections

Plaintiff's first objection to the R&R is that Judge Aaron states that "Section 1983 does not provide a specific statute of limitations," R&R at 6 (internal quotation marks and citation omitted), and that therefore, his claim cannot be dismissed as time-barred, Pl. Objs. at 2–3. However, Judge Aaron continues in the R&R: "Thus, courts apply the statute of limitations for personal injury actions under state law." R&R at 6 (quoting *Galberth v. Washington*, No. 14 Civ. 691, 2016 WL 1255738, at *9 (S.D.N.Y. Mar. 29, 2016)). Judge Aaron further explains that "[u]nder New York law, personal injury actions are subject to a three-year statute of limitations." *Id.* (quoting N.Y. C.P.L.R. § 214(5)). Plaintiff's objection is, therefore, OVERRULED.

Plaintiff's next objection is that his claim began to accrue in 2016, when he was diagnosed with genital herpes, and not, as Judge Aaron concluded, in 2014, when he was denied the tests for genital herpes that he requested. Pl. Objs. at 2–4. Because Plaintiff made this argument to Judge Aaron, Pl. Resp. at 1–2, the Court reviews for clear error, *Wallace*, 2014 WL 2854631 at *1. "In New York, personal injury actions are subject to a three-year statute of limitations. The limitations period begins to run when[] the plaintiff knows or has reason to know of the injuries caused by an individual defendant." *Galberth v. Washington*, No. 14 Civ. 691, 2016 WL 1255738, at *9 (S.D.N.Y. Mar. 29, 2016).

Plaintiff alleges that he requested a genital herpes test from various Defendants, but that they denied his requests. *See* Compl. The last action alleged by a Defendant in this case was on February 4, 2014, when Defendant Gornish allegedly denied him a genital herpes test at the Manhattan Detention Complex. *Id.* at 3. Plaintiff filed his initial complaint on November 6, 2017, ECF No. 1, more than three years after this event. Plaintiff argues that his claim "did not begin to accrue until the plaintiff got tested finally and found out [he was diagnosed with genital herpes], which was in 2016." Pl. Objs. at 3. As Judge Aaron noted, however, "Plaintiff erroneously is conflating his diagnosis with his injury." R&R at 7. Plaintiff's alleged injury is that he received inadequate medical care by medical personnel who refused to grant his request to perform a test for genital herpes. Nor can Plaintiff argue that he was unaware that the medical care was inadequate until he received his diagnosis—Plaintiff repeatedly alleges in the complaint that he filed grievances over the failure to perform these tests. *See generally* Compl. Plaintiff's objection is, therefore, OVERRULED.

Plaintiff's final objection is that he suffered a "continuing injury," Pl. Objs. at 2, which the Court construes as an argument that Plaintiff is subject to the continuing violation doctrine. Because Plaintiff made this argument to Judge Aaron, Pl. Resp. at 2, the Court reviews for clear error, *Wallace*, 2014 WL 2854631 at *1.

> The continuing violation doctrine allows a plaintiff to challenge acts of misconduct occurring outside the statute of limitations period if at least one act of the ongoing misconduct occurred within the limitations period. In the context of an Eighth Amendment claim of deliberate indifference to medical needs, a plaintiff asserting a continuing violation for statute of limitations purposes must

3

allege both the existence of an ongoing policy of deliberate indifference to his or her serious medical needs and some non-time-barred acts taken in furtherance of that policy.

*Lopez v. Annucci*, 690 F. App'x 56, 58–59 (2d Cir. 2017) (internal quotation marks, citation, ellipsis, and alterations omitted). Plaintiff does not allege any non-time-barred acts within the statute of limitations period. The last allegation he makes about Defendants concerns an event in February 2014, Compl. at 3, and as discussed, Plaintiff was transferred to state custody shortly thereafter. *See Thompson v. Dep't of Corr. N.Y.C.*, No. 09 Civ. 1038, 2011 WL 4369125, at *6 (N.D.N.Y. Sept. 19, 2011) ("All action (or inaction) by the City defendants regarding plaintiff's medical condition ceased upon plaintiff's transfer to State custody."). The continuing violation doctrine is, therefore, inapplicable, and Plaintiff's objection is OVERRULED.

Plaintiff also requests that the Court allow Plaintiff to proceed on his claims against the defendants he named in his earlier pleadings, concerning events that occurred in other districts. Pl. Objs. at 4. Judge Suddaby, however, only transferred Plaintiff's claims concerning conduct at the Manhattan Detention Complex and on Rikers Island to this Court, while retaining jurisdiction over another claim and transferring another to the Western District of New York. ECF No. 10 at 8. The Court will not, therefore, permit Plaintiff to proceed on his claims concerning conduct that occurred outside of this district.

Generally, when a district court dismisses a *pro se* action *sua sponte*, the plaintiff will be allowed to amend his complaint, "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999). Moreover, "affording such an opportunity to amend is not required where—as here—the *pro se* plaintiff has already been afforded the opportunity to amend his claims." *Jendrzejczak v. Williams*, No. 13 Civ. 1239, 2014 WL 2533041, at *1 (N.D.N.Y. June 5, 2014). Plaintiff has filed four complaints in this matter, *see* ECF Nos. 1, 11, 40, 45, and because he was transferred to state custody over three years before filing his initial complaint, the Court concludes that he cannot not state a claim for the denial of adequate medical care that would not be time-barred. Accordingly, leave to amend is DENIED.

## CONCLUSION

For the reasons stated above, the Court ADOPTS the R&R in its entirety and DISMISSES the complaint as barred by the statute of limitations. The Clerk of Court is directed to mail a copy of this order to Plaintiff *pro se* and close the case.

SO ORDERED.

Dated: June 25, 2019
New York, New York

_____
ANALISA TORRES
United States District Judge